IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § § | CRIMINAL NO. 4:23-CR-238-SDJ-KPJ |
| BRITTANY GASTINEAU | § § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is the Government's request for revocation of Defendant's supervised release. After the District Court referred the matter to the Court for a report and recommendation, it conducted a hearing on March 28, 2024, to determine whether Defendant violated the terms of her supervised release. Defendant was represented by Assistant Public Defender Michelle Allen-McCoy. The Government was represented by Assistant United States Attorney Anan Varadarajan.

On March 2, 2022, United States District Judge Ed Kinkeade sentenced Defendant to forty (40) months imprisonment followed three (3) years of supervised release. *See* Dkts. 1-3 at 1–3; 2 at 1. On July 7, 2023, Defendant began serving her term of supervised release. *See* Dkt. 2 at 1.

On October 26, 2023, the Probation Officer filed the Petition for Warrant or Summons for Offender Under Supervision (the "Petition") (Dkt. 2), alleging Defendant violated six conditions of her supervised release. *See* Dkt. 2 at 1–3. The Petition asserts Defendant violated the following conditions of supervision: (1)–(2) Defendant shall not commit another federal, state, or local crime; (3) Defendant shall not own, possess, or have access to a firearm, ammunition, destructive devise, or dangerous weapon; (4) Defendant shall not knowingly leave the federal judicial district where she is authorized to reside without first getting permission from the Court or the Probation

1

Officer; (5) Defendant shall not communicate or interact with someone who she knows is engaged in criminal activity; and (6) Defendant shall participate in an outpatient program approved by the Probation Officer for treatment of narcotic, drug, or alcohol dependency that will include testing for the detection of substance use, abstaining from the use of alcohol and all other intoxicants during and after completion of treatment, and contributing to the costs of services rendered. *See id.*

> The Petition asserts Defendant violated the foregoing conditions as follows:
>
> (1) On September 30, 2023, in Craig County, Oklahoma, Defendant committed the offenses of Aggravated DUI and Driving with a Suspended License. Originally, she was released from custody on October 1, 2023, on a bond, but due to a subsequent arrest for a new violation, she is currently at the Craig County Jail, with a bond in the amount of $5,000. These cases remain pending under Docket No. CF-2023-120 in the Craig County Twelfth Judicial District Court. According to the Information, she has been charged with Count 1: Driving a Motor Vehicle While Under the Influence Alcohol Aggravated; and Count 2: Driving with License Cancelled/Suspended/Revoked.
>
> According to the offense report, an officer with the Craig County Sheriff's Office observed a vehicle driving on the same road but in the opposite direction. The vehicle was heading directly towards him, so he swerved off the road to avoid a direct collision. Afterward, he called for assistance to stop the vehicle heading in their direction. Upon making contact with the driver, she was identified as Defendant. Officers smelled a strong odor of alcohol on her breath and questioned her about her alcohol use. She verbally admitted to consuming a few beers. Field sobriety tests including a breathalyzer test were administered on her, which yielded results of a breath alcohol content level of 0.17. Additionally, officers discovered she was operating a vehicle with a suspended driver's license.
>
> (2)–(3) On October 2, 2023, in Craig County, Oklahoma, Defendant committed the offense of Carry or Possess Firearm by Convicted Felon. As of this writing, she remains in the Craig County Jail, with a bond in the amount of $40,000. This case remains pending under Docket No. CF-2023-121 in the Craig County Twelfth Judicial District Court. According to the Information, she has been charged with two counts of Possession of Firearm After Former Felony Conviction.
>
> According to the offense report, on or about October 2, 2023, officers responded to a domestic disturbance case. Upon arrival, officers spoke with individuals who advised them that William Smith pointed a gun at them. Additionally, they stated both Mr. Smith and Defendant were in possession of an AR-15 rifle and 9MM

handgun. A search warrant was granted to check Mr. Smith and Defendant's cabin in Ketchum, Oklahoma. During their search, officers found a Taurus 9MM handgun with two magazines, a Palmetto PA-15 multi rifle with one 30-round magazine, 25 rounds of .223 caliber unfired ammo and 15 rounds of 9MM unfired ammo.

(4) Defendant traveled outside of the Eastern District of Texas to the Northern District of Oklahoma as evidenced by the arrests noted above. She did not have permission from the Probation Officer to travel.

(5) According to the Craig County Sheriff's Office, on October 2, 2023, Defendant was with an individual named William Smith, a convicted felon, who was also in possession of a firearm.

(6) On September 19, 2023, during an office visit, Defendant provided a verbal and written admission of consuming alcohol on September 16, 2023.

Additionally, on September 30, 2023, she committed the offense of Aggravated DUI. During this arrest, she verbally admitted to consuming a few beers and had a breath alcohol content level of 0.17.

On March 28, 2024, the Court conducted a final revocation hearing on the Petition. *See* Minute Entry for March 28, 2024. Defendant entered a plea of true to allegations one through six, consented to revocation of her supervised release, and waived her right to object to the proposed findings and recommendations of the undersigned. *See id.*; Dkt. 15. The Court finds that Defendant violated the terms of her supervised release, and thus, her supervised release should be revoked.

## RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984, and having considered the arguments presented at the March 28, 2024 hearing, the Court recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for ten (10) months with two (2) years of supervised release to follow under the same conditions as those under which she was originally released. The Court further recommends Defendant be placed at FCI Waseca in Waseca, Minnesota, if appropriate.

**So ORDERED and SIGNED this 2nd day of April, 2024.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE